UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00713-CAS (SSx) | Date | February 3, 2015 |
|---|---|---|---|
| Title | MARK HEDGES v. DAVID S. WESLEY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** (In Chambers) PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. No. 4, filed January 30, 2015)

## I.   INTRODUCTION AND BACKGROUND

On January 30, 2015, plaintiff filed this civil rights lawsuit against defendants David S. Wesley, Alexander A. Bustamante, Debra McCarthy, Earl Paysinger, Marvin J. Southard, Jackie Lacey, Edmund G. Brown, Jr., Jon T. Rymer, and Eric H. Holder, Jr., all in their official capacities as federal, state, or municipal officials. Dkt. No. 1. Also on January 30, 2015, plaintiff filed an application for an injunction staying related state court proceedings, or for a temporary restraining order pending deliberation on that request for injunctive relief. Dkt. No. 4.

Plaintiff explains that the state proceedings he seeks to stay relate to a lawsuit he filed in Los Angeles County Superior Court against Marcy Gray Rubin, the City of Los Angeles, and the County of Los Angeles. Id. at 8. Plaintiff states that, after the Superior Court sustained a demurrer filed by the City, he appealed to the California Court of Appeal. Id. at 8–9. He alleges that a motion and other records filed by counsel for one of the defendants in that case disappeared from court records in violation of law. Id. Plaintiff further states that the Court of Appeal "ordered presiding Judge Davis S. Wesley to assign a new judge" to plaintiff's case on remand, "and then to allow [plaintiff] to continue with an amended complaint," but that the Court of Appeal's order was not processed, and his case was not reopened, until October 27, 2014, the same day on which a case management hearing was scheduled. Id. at 9. He denies receiving notice of this hearing, or of a subsequent case status conference or a motion to dismiss his case based on non-appearance. Id. Plaintiff alleges that he "received only the clerk's minutes of the order dismissing the case, just two days before a hearing on [an] order to show cause to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00713-CAS (SSx) | Date | February 3, 2015 |
|---|---|---|---|
| Title | MARK HEDGES v. DAVID S. WESLEY, ET AL. | | |

continue to January 22, 2015." Id. Plaintiff maintains that the Superior Court is complicit in a scheme to deny due process and other constitutional protections to persons with certain mental disabilities. Id. at 10. He also alleges that Superior Court personnel intentionally misled plaintiff about what actions he should take with regard to his litigation in that court, in order to gain an advantage in a federal lawsuit plaintiff had filed against the Superior Court in this federal District Court. Id. at 12.

Plaintiff states at a hearing on the aforementioned order to show cause took place in the state court litigation on January 22, 2015. Id. It appears that the Superior Court requested plaintiff to file a "motion to submit an untimely complaint with the first amended complaint against the City of Los Angeles by February 2, 2014." Id. Plaintiff represents that along with that amended complaint, he intends to submit an application to vacate the prior dismissal of his case "on grounds including that he was not advised and was misled by court counsel, and that [the Superior Court] ignored" significant matters in that case. Id. at 12–13.

## II.  LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00713-CAS (SSx) | Date | February 3, 2015 |
| Title | MARK HEDGES v. DAVID S. WESLEY, ET AL. | | |

## III.  DISCUSSION

### A.  Plaintiff Has Not Satisfied Federal Rule of Civil Procedure 65.

A preliminary injunction may issue "only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  A court may issue a temporary restraining order without notice to the adverse party or its attorney only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Id. 65(b)(1) (emphasis added).

Plaintiff's application for injunctive relief does not appear to include proof of service on any adverse party.  In fact, there does not appear to have been a proof of service filed for either the complaint or the application for relief.  Nor does plaintiff certify in writing any efforts made to give notice to any party, or explain why such notice should not be required.  For this reason, the Court may not issue an injunction or temporary restraining order on plaintiff's application.

### B.  Plaintiff Has Not Shown That Injunctive Relief Is Warranted.

Even if plaintiff's application were not procedurally deficient, it would not justify plaintiff's requested relief.  The Anti-Injunction Act, 28 U.S.C. § 2283, provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  In Mitchum v. Foster, the Supreme Court held that 42 U.S.C. § 1983 "is an Act of Congress that falls within the 'expressly authorized' exception of that law."  407 U.S. 225, 243 (1972).  Plaintiff relies upon Mitchum in asking this Court to enjoin the state court proceedings.

The Mitchum Court's ruling, however, was narrow: it "decide[d] only that the District Court in [that] case was in error in holding that, because of the anti-injunction statute, it was absolutely without power in [that] § 1983 action to enjoin a proceeding pending in state court under any circumstances whatsoever."  Id.  The Mitchum Court took pains to note that it did not "question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding."  Id.  The Supreme Court has since reiterated that "[o]f course, the fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00713-CAS (SSx) | Date | February 3, 2015 |
| Title | MARK HEDGES v. DAVID S. WESLEY, ET AL. | | |

that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 151 (1988); see also 14C Charles, Arthur R. Miller, et al., Federal Practice & Procedure, Jurisdiction § 4222 (3d ed.) ("[E]ven when the power exists to stay state court proceedings, the exercise of that power is discretionary, allowing the federal court to weigh all of the factors for and against issuing a stay.").

Plaintiff argues that this Court should stay the state court litigation to preserve his "ability to seek remedy for the actual cause of action until after procedural and substantive due process rights for the protected class" of mentally disabled persons have been fulfilled. Id. at 14. He also contends that allowing the Superior Court to adjudicate the dispute is "misguided" given the history of that litigation. Id. at 15. He appears to assert that he can only fairly prosecute the state court litigation after this Court grants his requests to appoint an attorney and a master pursuant to Federal Rule of Civil Procedure 53. Id. at 17.

The Court does not find it appropriate to issue an injunction staying the state court proceedings at this time, or to issue a temporary restraining order pending further consideration of plaintiff's request. To begin with, plaintiff's application for injunctive relief largely restates the allegations of his complaint, and it is not clear that the complaint even states a cognizable federal claim for relief.[1] Plaintiff's application and submitted exhibits certainly do not show that he is likely to succeed on the merits and persuade the Court to appoint an attorney and special master to aid in the prosecution of his state court litigation, or for any other purpose.[2] Even if plaintiff had shown a

---

[1]The Court also notes that plaintiff's complaint includes a claim under 42 U.S.C. § 1987, which does not provide a private right of action by which an individual can sue. See Carpenter v. Ashby, 351 F. App'x 684, 687 (3d Cir. 2009) (stating that § 1987 "does not authorize a private right of action"); Allen v. Ashcroft, Civil No. 03-441-MJR, 2006 WL 1882672, at * 2 (S.D. Ill. July 7, 2006) (same); Seneca Constitutional Rights Org. v. George, 348 F. Supp. 51, 54 n.1 (W.D.N.Y. 1972) ("Sections 1984 and 1987 do not create causes of action.")).

[2]Plaintiff also asserts that the state court litigation "should be removed to federal court and/or consolidated with" the related federal action brought in this Court and currently on appeal to the Ninth Circuit. Dkt. No. 4 at 18. But a plaintiff cannot remove an action from state to federal court. See 14C Charles, Arthur R. Miller, et al., Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00713-CAS (SSx) | Date | February 3, 2015 |
| Title | MARK HEDGES v. DAVID S. WESLEY, ET AL. | | |

likelihood of success on the merits, moreover, "[t]o obtain federal injunctive relief impeding a pending state court proceeding, the federal plaintiff must surpass the normal showing of irreparable injury, and posit the existence of irremediable harm both 'great and immediate.' " Casa Marie, Inc. v. Superior Court, 988 F.2d 252, 262–63 (1st Cir. 1993) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)).  Plaintiff has not made such an extraordinary showing.

In addition, strong principles of federalism and comity counsel against issuing an injunction staying state court litigation that plaintiff himself initiated, especially without a clear evidentiary record supporting plaintiff's claims of wrongdoing by the Superior Court.  "The federal courts will not casually enjoin the conduct of pending state court proceedings." Cousins v. Wigoda, 409 U.S. 1201, 1206 (1972).  "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atl. Cost Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970).  Here, plaintiff has not met his heavy burden of showing that the extraordinary relief he requests is justified.

## IV.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's application to stay related state court proceedings or temporarily restrain those proceedings pending consideration of plaintiff's request.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

Practice & Procedure, Jurisdiction § 3730 (4th ed.).  Moreover, the Court lacks jurisdiction over the related case during the pendency of plaintiff's appeal.